[No. 32086. Department One. July 3, 1952.]

RUSSELL D. LONGNECKER, *Respondent,* v. ROBERT E. MALOY *et al., Appellants.*[1]

*Welts & Welts,* for appellants.

*Charles F. Stafford, Jr.,* for respondent.

GRADY, J.—This appeal is from a money judgment for the amount of a promissory note executed by appellants and payable to respondent. The question presented is whether the settlement of business transactions between Farmair Supply Co. and respondent and the written release executed by him included the promissory note. The court found adversely to appellants. The appellants recognize the attitude this court has uniformly taken with reference to the findings of fact made by a trial court, but urge upon us that a review of the record should be convincing that

[1]Reported in 245 P. (2d) 1023.

the preponderance of the evidence is contrary to the finding to which exception is taken.

The release executed by respondent is as follows:

"Release of Claims

"For value received, I, Russell Longnecker, hereby relinquish all possible claims of any nature whatever that I may have against Farmair Supply Company of Mount Vernon, Wash. It is further understood that I shall not be responsible for any debts of said Farmair Supply Company, either present or future.

[signed]    Russell D. Longnecker."

In response to the claim made by appellants, we have read all of the record. The testimony of the witnesses who were present at the settlement conference and when the release was executed is in direct conflict. The circumstantial evidence and the inferences properly to be drawn from the history of the transactions between the parties involved and the testimony accepted by the court as credible furnish justification in its reaching the conclusion that the note, which was the personal obligation of the appellants, was not included in the settlement and was not canceled by the release of claims against the corporation. It would be highly improbable that the respondent in making his settlement with the corporation would treat the note as a corporate liability to him and discharge the appellants for the consideration he received from the corporation for a release of his claims against it.

In deciding the limited question presented, we find it unnecessary to set forth and discuss the testimony of the several witnesses. No useful purpose would be served by so doing. This case is of interest only to the parties involved. No question of law is presented for decision. Our opinion can establish no precedent nor furnish any guide to future conduct, and to analyze the testimony would only encumber it. It is very clear that the note executed by the appellants became their personal obligation. It was not paid and the makers were not released from their promises.

The judgment is affirmed.

HILL, MALLERY, DONWORTH, and WEAVER, JJ., concur.